UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YVETTE JOHNSON

                                Plaintiff,

v.                                                           Civil Action No. _____

LVNV FUNDING, LLC AND
ELTMAN, ELTMAN & COOPER, P.C.

                                Defendants.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Yvette Johnson is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant LVNV Funding, LLC (hereinafter "LVNV") is an organized as a limited liability company under the laws of the State of South Carolina and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Eltman, Eltman & Cooper, P.C. (hereinfter "Eltman") is a law firm organized and existing under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendants regularly attempts to collect debts alleged to be due another.

9. All references to either defendant herein shall mean said defendant or an employee of said defendant.

10. That at all relevant times herein, Eltman acted as agent-in-fact for LVNV, and acted within the scope of their agency.

### IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegedly incurred a debt to GE Money Bank. This debt will be referred to as the "subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff allegedly defaulted on the subject debt.

14. That the subject debt was assigned to LVNV after Plaintiff's alleged default.

15. That LVNV hired Eltman to attempt to collect the subject debt.

16. That in or about August 26, 2013, Plaintiff received a letter from the Defendant, Eltman regarding the subject debt.

17. That the Defendant, Eltman referenced in its August 26, 2013 letter that a judgment had been placed against the Plaintiff by Defendant, LVNV. The letter also stated that Defendant, Eltman would seize any non-exempt assets to pay the judgment against Plaintiff on behalf of Defendant, LVNV.

18. That on November 26, 2013, Plaintiff received another letter from the Defendant, Eltman, regarding the subject debt. The letter referenced that a judgment had been place against Plaintiff by Defendant, LVNV. The letter also stated that Defendant, Eltman would seize any non-exempt assets to pay the judgment against Plaintiff on behalf of Defendant, LVNV.

19. That Plaintiff after receipt of the correspondence contacted Erie County Clerk's Office and the City of Buffalo City Court's Clerk to confirm if there was a judgment placed against her from Defendant LVNV. No judgment was found to have been entered on behalf of Defendant, LVNV against Plaintiff.

20. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

21. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. Defendant Eltman violated 15 U.S.C §1692d by sending the letters referenced in paragraphs 17 and 18, the natural consequence of which is to harass, oppress, or abuse any person.

23. The conduct of Eltman violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by making the false statements described in paragraphs 17 and 18 herein.

24. Defendant LVNV violated 15 U.S.C §1692f and 15 U.S.C §1692f(1) by attempting to collect a debt that is not owed by the Plaintiff, of which said attempt is an unfair and unconscionable means to collect the alleged debt.

25. That LVNV is vicariously liable for the acts of Eltman under the laws of agency.

26. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: December 3, 2013

        /s/ Seth J. Andrews, Esq.\_\_\_\_\_
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
        khiller@kennethhiller.com